IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Walls, Jr.,       :
      :
      Petitioner    :
      :
      v.       : No. 1414 C.D. 2022
      : Submitted: May 26, 2023
City of Philadelphia (Workers'       :
Compensation Appeal Board),       :
      :
      Respondent : 

BEFORE:    HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK          FILED: August 4, 2023

Robert Walls, Jr. (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ) that granted the Petition to Modify Compensation Benefits (Modification Petition) of the City of Philadelphia (Employer) based on an Impairment Rating Evaluation (IRE), and modified Claimant's benefits from total to partial disability status. Claimant challenges as unconstitutional the retroactive application of Act 111 of 2018 (Act 111), which added Section 306(a.3) of the

Workers' Compensation Act (WC and Act, respectively),[1] altering the criteria for determining a claimant's disability status and providing that an impairment rating of less than 35% constitutes a partial disability, and providing a credit for disability payments already made. Claimant maintains that Act 111 cannot be constitutionally applied to workers whose injuries occurred before October 24, 2018, the effective date of Act 111. We affirm.

According to an October 10, 2018 amended Notice of Compensation Payable, on February 24, 2012, Claimant sustained an injury in the nature of a strain or tear of soft tissue resulting from a work-related motor vehicle accident. On July 26, 2021, Employer filed the instant Modification Petition based on an IRE following an examination by Brian Walsh, D.O. (Dr. Walsh), on June 15, 2021. *See* Reproduced Record (RR) at 1a-2a; Certified Record Docket (CR Dkt.) Entry 17 at Ex. 2.

At hearings before the WCJ, Employer presented the deposition testimony of Dr. Walsh and Claimant in support of its Modification Petition. In opposition to the Modification Petition, Claimant testified and presented the deposition testimony of Scott Pello, M.D. (Dr. Pello). *See* CR Dkt. Entry 16.

Ultimately, on July 13, 2022, the WCJ issued a decision in which he made the following relevant findings of fact:

> 8.  This [WCJ] has reviewed and considered the entire deposition of Dr. Walsh and finds him to be credible. Dr. Walsh is qualified to perform IREs based on his designation as an IRE provider by the Bureau [of WC]. He persuasively testified that Claimant reached [maximum medical improvement (MMI)] based on Claimant's lack of medical treatment for many years and given there was not

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. §511.3.

2

any significant planned treatment in the foreseeable future. Dr. Walsh's opinion that Claimant's impairment rating for the work-related injuries was 23% is corroborated by Claimant's history, his examination of Claimant, review of medical records, and his explanation of the calculations using the [Sixth Edition of the American Medical Association *Guides to the Evaluation of Permanent Impairment*, Second Printing (*Guides*)]. Dr. Walsh's testimony as to Claimant's reaching MMI and the [whole-person impairment (WPI)] is credible and persuasive and accepted over that of Dr. Pello given his superior expertise in the medical field conducting IREs.

9. This [WCJ] has reviewed and considered the entire deposition of Dr. Pello and finds him to be not credible. Dr. Pello's opinion that Claimant has not reached MMI is not persuasive given Claimant's lack of medical treatment for many years. In addition, Claimant had not undergone any surgical procedures since the work-related motor vehicle accident and Dr. Pello did not point to any medical evidence that contemplated surgery.

10. This [WCJ] has reviewed and considered the entire testimony of Claimant. Claimant's testimony regarding the need for additional treatment from Dr. Pello is not credible as Claimant was not actively treating at the time of the IRE in June 2021[,] or in February 2022[,] when he was seen for the first time by Dr. Pello. Significantly, he was initially referred to Dr. Pello by his attorney, 10 years after the work-related injury, for the purpose of defending the Modification Petition.

11. This [WCJ] finds that as of June 15, 2021, Claimant had reached MMI and has a WPI of 23% and, therefore, Claimant's disability benefits status will be changed from total to partial based on the IRE performed by Dr. Walsh.

RR at 10a.

Accordingly, the WCJ issued an order granting Employer's Modification Petition, and modifying Claimant's WC benefits status from total to partial disability effective June 15, 2021. *See* RR at 11a. The Board affirmed the

WCJ's decision on appeal, and Claimant filed this petition for review of the Board's order.[2]

The only claim that Claimant raises on appeal is that the Board erred in affirming the WCJ's decision because the provisions of Act 111 are unconstitutional. Specifically, Claimant argues that Act 111 violates his rights as guaranteed by the Remedies Clause of article I, section 11 of the Pennsylvania Constitution,[3] and the Non-Delegation Clause of article II, section 1 of the Pennsylvania Constitution.[4]

However, as acknowledged by Claimant in his appellate brief, this Court has previously rejected these precise constitutional claims. As a result, we will not accede to Claimant's request to reexamine our prior precedent, and we rely upon the rationales expressed in our prior opinions to affirm the Board's order in this case. *Hutchinson v. Annville Township (Workers' Compensation Appeal Board)*, 260 A.3d 360 (Pa. Cmwlth. 2021), *appeal denied*, 279 A.3d 1180 (Pa. 2022); *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company, LLC*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.2d 378 (Pa. 2021); *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020); *Hardik v. Community Health Systems (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 385 C.D. 2022, filed May 17, 2023); *Nadolsky v. UPMC Altoona Regional Health System (Workers'*

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[3] Pa. Const. art. I, §11.

[4] Pa. Const. art. II, §1.

*Compensation Appeal Board)* (Pa. Cmwlth., No. 1366 C.D. 2021, filed May 17, 2023).[5]

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.
Judge Dumas did not participate in the decision of this case.

---

[5] *See* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Walls, Jr.,           :
          :
          Petitioner    :
          :
          v.         : No. 1414 C.D. 2022
          :
City of Philadelphia (Workers'   :
Compensation Appeal Board),   :
          :
          Respondent :

# **O R D E R**

AND NOW, this 4th day of August, 2023, the order of the Workers' Compensation Appeal Board dated November 23, 2022, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge